IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| APOTEX, INC., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 2:06-cv-2768 |
| | : | |
| CEPHALON, INC., et al., | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 9th day of March, 2011, regarding the bifurcation of the invalidity and unenforceability claims from the non-infringement claim, and after a pre-trial conference, we find as follows:

1. Pursuant to FED. R. CIV. P. 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims . . . ." This decision is left to the sound discretion of the Court. Gardco Mfg., Inc. v. Herst Lighting Co., 820 F.2d 1209, 1212 (Fed. Cir. 1987).

2. Here, bifurcating the invalidity and unenforceability claims, which will focus on the patent application process, from the non-infringement claim, which will focus on the technical aspects of particle size, will assist the Court, as the trier of fact, in more efficiently resolving the disputed claims.[1]

---

[1] The Court notes that at the pre-trial conference, held on March 3, 2011, counsel for Cephalon readily agreed to the Court's suggestion to bifurcate the various claims. What was left open for further discussion was the sequence in which the basic claims at issue - invalidity, unenforceability and infringement should be tried. The Court allowed counsel to submit brief follow-up correspondence on this issue. On March 7, 2011, counsel for Cephalon advised the Court that they now objected to bifurcation, in part because the case before the Court is "a relatively straightforward case." This assessment came shortly after Cephalon's submission of an 87 page pre-trial memorandum, and the filing of *Daubert* motions on three separate Apotex

**WHEREFORE**, it is hereby **ORDERED** that the invalidity and unenforceability claims on the RE'516 patent are bifurcated from the non-infringement claim. **IT IS FURTHER ORDERED** that:

3. Trial on the invalidity and unenforceability claims is scheduled for 9:30 a.m. on Tuesday, March 29, 2011, in a courtroom to be determined.

4. On or before March 14, 2011, counsel shall submit a revised witness list, to include only the witnesses to be called in the invalidity/unenforceability portion of the trial.

5. On or before March 14, 2011, counsel shall advise the Court which *Daubert* motions and motions *in limine* are applicable to the invalidity/unenforceability portion of the trial. Motions which relate only to the non-infringement portion of the trial will be denied without prejudice to refile.

6. Trial on the non-infringement claim is scheduled for 9:30 a.m. on Tuesday, July 12, 2011, in a courtroom to be determined. Counsel and all parties shall be prepared to commence trial on that date. All counsel are attached for trial. The Court will issue a pre-trial order with deadlines for the non-infringement trial at a later date.

                                                **BY THE COURT:**

                                                **/s/ Mitchell S. Goldberg**

                                                **Mitchell S. Goldberg, J.**

---

experts and three motions *in limine*. We have docketed Celphalon's correspondence so that this issue and Cephalon's position is of record (doc. no. 426).