IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| APOTEX, INC., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 2:06-cv-2768 |
| | : | |
| CEPHALON, INC., et al., | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 15th day of March, 2011, upon consideration of this Court's March 9, 2011, Order bifurcating the invalidity and unenforceability claims from the non-infringement claim, it is hereby **ORDERED** that:

1) "Defendant Cephalon Inc.'s *Daubert* Motion to Preclude Certain Testimony," (doc. no. 395), as it relates to Dr. David Beach only, is **DENIED** without prejudice;

2) "Apotex Inc.'s Third Daubert Motion: Apotex Inc.'s Motion to Exclude Cephalon, Inc.'s Expert Reports and Testimony Regarding Testing of Modafinil Tablets," (doc. no. 398) is **DENIED** without prejudice;

3) "Defendant Cephalon, Inc.'s Motion *in Limine* For a Finding That Apotex, Inc.'s Failure to Produce Unexpired Samples of Its Proposed Product Justifies an Adverse Inference That Its Product Infringes the '516 Patent," (doc. no. 421) is **DENIED** without prejudice; and

4) "Defendant Cephalon, Inc.'s Motion *in Limine* to Preclude Apotex, Inc. From Relying on Late-Produced Documents Relating to Apotex's Standard Operating Procedures," (doc. no. 422) is **DENIED** without prejudice.

**BY THE COURT:**

**/s/ Mitchell S. Goldberg**

_____
**Mitchell S. Goldberg, J.**