IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| APOTEX, INC., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 2:06-cv-2768 |
| | : | |
| CEPHALON, INC., et al., | : | |
| Defendants. | : | |

**ORDER**

**AND NOW,** this 28th day of March, 2011, upon consideration of "Defendant Cephalon, Inc.'s Motion *in Limine* to Preclude Apotex, Inc. From Offering Evidence or Argument Relating to Alleged Prior Art 'References' Not Timely Disclosed in Its Invalidity Contentions," (doc. no. 420), and Apotex's response thereto, we find the following:

1) Cephalon has moved to preclude twelve prior art references set out in the expert reports of Drs. David Feifel and Anthony Palmieri III, which were not referenced in Apotex's initial invalidity contentions. Apotex asserts that identification of these art references is untimely.

2) The Court's February 19, 2010, Scheduling Order required Apotex to serve its initial invalidity contentions by April 16, 2010. Fact discovery closed on August 13, 2010, and expert discovery closed on December 17, 2010.

3) Apotex timely filed its initial invalidity contentions by the April deadline. These invalidity contentions clearly note that they are "initial" and "preliminary," and Apotex reserved its right to supplement and/or amend the initial/preliminary contentions. Apotex also clearly

noted that the initial contentions were made at a time when full discovery had not yet been produced or reviewed, thus, most likely necessitating later amendments or supplements to the contentions.

4) On October 29, 2010, Apotex submitted expert reports, including those of Drs. Feifel and Palmieri, which included twelve prior art references not made in Apotex's initial invalidity contentions.

5) The Court did not set deadlines for supplemental or amended invalidity contentions and consequently the twelve prior art references in Apotex's expert reports are not in violation of any deadline. We also note that Cephalon filed supplemental infringement contentions on October 25, 2010, well after the April 2, 2010, deadline for the initial infringement contentions.

6) Whether Apotex was correct in form by including the twelve prior art references in expert reports rather than a formal supplemental chart, broken up on an element-by-element basis as required for the initial invalidity contentions, is also of little consequence. Even if we were to find that the form of Apotex's supplement was not in accordance with the Court's February 19, 2010, Scheduling Order, excluding evidence for a violation of a scheduling order is an extreme sanction. In re TMI Litig., 193 F.3d 613, 721 (3d Cir. 1999). In order to consider such a sanction, the Court must look at: (1) the prejudice or surprise to Cephalon; (2) Cephalon's ability to cure that prejudice; (3) the extent to which the evidence will disrupt an orderly and efficient trial; and (4) bad faith or willfulness on the part of Apotex. Id. citing Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 904-05 (3d Cir. 1977), *overruled on other grounds*. Cephalon has not argued any of these factors, and none suggest

that preclusion is warranted.

**WHEREFORE**, it is hereby **ORDERED** that Cephalon's motion (doc. no. 420) is **DENIED.**

BY THE COURT:

/s/ Mitchell S. Goldberg
_____
**Mitchell S. Goldberg, J.**