IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| APOTEX, INC.,<br>Plaintiff,<br>v.<br>CEPHALON, INC., et al.,<br>Defendants. | : : : : : : : : : | CIVIL ACTION<br><br>No. 2:06-cv-2768 |

<u>ORDER</u>

**AND NOW,** this 27th day of April, 2011, upon consideration of Apotex's "Combined Motion for Entry of Partial Final Judgment on Count V of Apotex's Second Amended Complaint and to Dismiss Count IV Without Prejudice," (doc. no. 436), Cephalon's response thereto, and after oral argument, Apotex's motion regarding entry of partial final judgment on count V is **DENIED.** Apotex's unopposed motion to dismiss count IV is **GRANTED.**

We have considered the factors under Federal Rule of Civil Procedure Rule 54(b) regarding entry of final judgment on our March 15, 2011 Order, which granted judgment in favor of Apotex on count V - non-infringement of the '346 patent. In making its determination, we considered the following factors: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the

1

like. Berckeley Inv. Grp., Ltd. v. Colkitt, 259 F.3d 135, 144-45 (3d Cir. 2001).

Cephalon seems to hinge their argument in opposition on the fact that two patents - RE'516 and '346, are at issue and piecemeal appellate litigation is disfavored. However, and as noted during oral argument on this motion, the issues regarding these two patents appear to be dissimilar. The controversy surrounding the RE'516 patent pertains to invalidity and infringement. While Cephalon has acknowledged that the '346 patent does not infringe, it has pressed a "case or controversy" standing issue. However, because this "case or controversy" issue pertains only to the '346 patent, the effect of piecemeal appellate litigation seems to be minimized.

We have also considered the possibility that the Federal Circuit will be obliged to consider other issues more than once. The only common issue between the two patents that could be presented twice on appeal is whether or not Apotex has standing given the FDA's import ban from two of Apotex's Canadian manufacturing facilities. While we have addressed this issue on several different occasions and consistently ruled that it is a non-issue that falls solely within the FDA's discretion and does not effect our jurisdiction, we understand that Cephalon may pursue this issue on appeal. This could place the Federal Circuit in a position to have to address the same issue more than once.

We have also considered other factors such as judicial efficiency, cost and delay. We view this decision as a close call. Several of the Berckeley factors weigh in Apotex's favor. We also understand Apotex's desire to advance any part of this litigation decided by this Court to the Federal Circuit. The scales would tip in Apotex's favor if it was anticipated that a decision on the RE'516 patent would be greatly delayed. The Court, however, anticipates that this will not be the case and we note that the second phase of trial on the alleged infringement of the RE'516 patent is scheduled

for July12, 2011. Thus, keeping in mind the well-settled precedent disfavoring piecemeal appellate litigation, we decline to enter a partial judgement in Apotex's favor.

Additionally, Apotex has moved to dismiss count IV of its second amended complaint, which Cephalon does not oppose. Therefore, we will dismiss count IV.

BY THE COURT:

_____
MITCHELL S. GOLDBERG, J.