# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KING DRUG COMPANY OF FLORENCE, INC., *et al.*, | ) ) ) ) | |
| *Plaintiffs* | ) ) | No. 2:06-cv-1797 |
| v. | ) ) | |
| CEPHALON, INC., *et al.*, | ) ) | |
| *Defendants,* | ) ) | |
| VISTA HEALTHPLAN, INC., *et al.*, | ) ) ) | |
| *Plaintiffs* | ) ) | No. 2:06-cv-1833 |
| v. | ) ) | |
| CEPHALON, INC., *et al.*, | ) ) | |
| *Defendants,* | ) ) | |
| APOTEX, INC., | ) ) | |
| *Plaintiff* | ) ) | No. 2:06-cv-2768 |
| v. | ) ) | |
| CEPHALON, INC., *et al.*, | ) ) | |
| *Defendants,* | ) ) | |

The Generic Defendants[1] submit this response pursuant to the Court's November 8, 2011 Order, to address (i) outstanding discovery issues, and (ii) proposals regarding dispositive motion briefing.

***Outstanding Discovery Issues***.  The Generic Defendants have no pending discovery motions.  The plaintiffs have an outstanding request for the deposition of Teva witness Richard Egosi.

In addition, plaintiff FTC has recently filed a motion to add Teva as a defendant in the FTC action (which was brought only against Cephalon).  In the event the FTC's motion is granted and Teva is added to the FTC action, Teva submits it should be permitted a limited amount of supplemental discovery in the FTC action.  Other than moving pursuant to Rule 25(c), the FTC's motion does not identify the legal theory on which it attempts to hold Teva liable.  Nor has the FTC sought to amend its Complaint to include factual allegations or a theory of liability against Teva.  No matter the theory by which the FTC seeks to impose liability on Teva, Teva is entitled to discovery as to the basis of the FTC's legal arguments and any factual allegations offered in support.  Only through discovery can Teva adequately respond to the FTC's theories and allegations, and, if appropriate, move for summary judgment.

***Dispositive Motion Scheduling***.  The current uncertainty regarding Teva's status as a potential defendant in the FTC action needs to be resolved before

---

[1] The Generic Defendants include Barr Pharmaceuticals, Inc. ("Barr"); Teva Pharmaceutical Industries Ltd. ("Teva"); Ranbaxy Laboratories, Ltd. and Ranbaxy Pharmaceuticals, Inc. ("Ranbaxy"); Mylan Inc. (formerly known as Mylan Laboratories Inc.) ("Mylan") and related entities.

1

summary judgment briefing can commence. If the Court allows the FTC to add Teva at this late date, Teva should be afforded reasonable supplemental discovery prior to summary judgment proceedings.

In addition, the settlement of Hatch-Waxman litigation, including the standard applicable to evaluation of such settlements, is currently under review by the Third Circuit in the *K-Dur Antitrust Litigation* (Docket Nos. 10-2077, 10-2078, 10-2079, and 10-4571), in which Judge Greenaway in the District of New Jersey granted summary judgment for defendants under the scope of the patent test. *In re K-Dur Antitrust Litig.*, 2010 WL 1172995 (D.N.J. Mar. 25, 2010), *adopting* 2009 WL 508869 (D.N.J. Feb. 6, 2009). The Court cited Judge Greenaway's opinion in its March 29, 2010 decision on the motions to dismiss. (Doc. No. 260 at 15 n. 10)., Briefing in *K-Dur* is complete, and oral argument is set to be heard in less than two weeks, on December 12, 2011. The opinion in this pending appellate proceeding, which almost certainly will address issues also present here, may be instructive (albeit not dispositive) of this case. Particularly given the status of the *K-Dur* appeal, Generic Defendants believe that it would be prudent to await the Third Circuit's opinion in that case prior to briefing summary judgment here.

Finally, Apotex has requested entry of final judgment under Rule 54(b) with respect to the Court's decisions regarding Apotex's patent claims. Generic Defendants understand that Cephalon intends to seek appellate review of those decisions. Because, as Cephalon notes, plaintiffs may argue that the decision regarding Apotex's patent claims is relevant or instructive with respect to the

antitrust claims against Cephalon, Generic Defendants agree that it makes sense for resolution of the *Apotex v. Cephalon* patent appeal to precede summary judgment briefing.

For all these reasons, considerable uncertainty regarding the pending antitrust claims may be avoided by deferring resolution of dispositive motions until after resolution of the FTC's motion to add Teva, the Third Circuit's review of the *K-Dur* case, and the Federal Circuit's review of Apotex's patent claims.

Should the Court find it appropriate to so defer summary judgment briefing, Generic Defendants propose that an appropriate summary judgment schedule be entered running from the conclusion of such event(s). In particular, Generic Defendants propose that the parties file opening briefs 45 days after conclusion of the above events (but no earlier than January 27, 2012), with opposition briefs to be filed 6 weeks after opening briefs, and reply briefs to be filed 3 weeks after opposition briefs. Should the Court decide not to defer briefing, Generic Defendants propose that opening briefs be filed on January 27, 2012, with opposition and reply briefs due on the schedule outlined above.

Generic Defendants submit that they collectively be entitled to a joint brief of 75 pages regarding common issues and individual (or joint) briefs of no more than 25 total pages regarding case-specific or defendant-specific issues, with a proportionate page limit for oppositions and 25 pages for replies.

November 30, 2011

*/s/ Joseph Wolfson (with permission)*
Joseph Wolfson (ID #44431)
STEVENS & LEE, P.C.
620 Freedom Business Center
Suite 200
King of Prussia, PA 19406
(610) 205-6001

*Counsel for Teva Pharmaceutical Industries Ltd. and Teva Pharmaceuticals USA, Inc.*


*/s/ Paul B. Hewitt (with permission)*
Katherine M. Katchen (ID #80395)
Matthew R. Varzally (ID #93987)
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103
(215) 965-1200

Paul B. Hewitt
C. Fairley Spillman
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
(202) 887-4000

*Counsel for Mylan Inc. (formerly known as Mylan Laboratories Inc.) and Mylan Pharmaceuticals Inc.*

Respectfully submitted,

*/s/ Gregory L. Skidmore*
Jay P. Lefkowitz, P.C.
Karen N. Walker, P.C.
John C. O'Quinn
Gregory L. Skidmore
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005
(202) 879-5000

*Counsel for Barr Laboratories, Inc.*


*/s/ J. Douglas Baldridge (with permission)*
J. Douglas Baldridge
Lisa Jose Fales
Danielle R. Foley
VENABLE LLP
575 7th Street, NW
Washington, DC 20004
(202) 344-4000

Anthony S. Volpe (ID #24733)
John J. O'Malley (ID #68222)
VOLPE AND KOENIG, P.C.
United Plaza, 30 South 17th Street
Philadelphia, PA 19103-4009
(215) 568-6400

*Counsel for Ranbaxy Laboratories, Ltd. and Ranbaxy Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 30th day of November, 2011 he caused to be filed electronically the foregoing submission using the CM/ECF system, which will send e-mail notification of the filing to all counsel of record.

                                                             _/s/ Gregory L. Skidmore_
                                                             Attorney