**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| KING DRUG COMPANY OF FLORENCE INC. et al., | : : : | |
| Plaintiffs, | : : | CIVIL ACTION No. 06-cv-1797 |
| v. | : : | |
| CEPHALON, INC., et al., | : : | |
| Defendants. | : | |

---

| | | |
|---|---|---|
| VISTA HEALTHPLAN, INC., et al., | : : | |
| Plaintiffs, | : : | CIVIL ACTION No. 06-cv-1833 |
| v. | : : | |
| CEPHALON, INC., et al., | : : | |
| Defendants. | : | |

---

| | | |
|---|---|---|
| APOTEX, INC., | : : | |
| Plaintiff, | : : | CIVIL ACTION No. 06-cv-2768 |
| v. | : : | |
| CEPHALON, INC., et al., | : : | |
| Defendants. | : | |

---

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | : : | |
| Plaintiff, | : : | CIVIL ACTION No. 08-cv-2141 |
| v. | : : | |
| CEPHALON, INC., | : : | |
| Defendant. | : | |

---

**DEFENDANT CEPHALON, INC.'S STATUS CONFERENCE MEMORANDUM**

Pursuant to the Court's November 8, 2011 Order, Cephalon, Inc. ("Cephalon") submits this Memorandum summarizing its position with regard to outstanding discovery issues and the appropriate dispositive motion briefing schedule and page limits.

**Outstanding Discovery Issues.**  Cephalon has no outstanding discovery requests.

**Dispositive Motions.**

1.   Scheduling: Certain pending and forthcoming motions and decisions will bear directly on the arguments raised in the parties' briefing, and likely the Court's decision, and, accordingly, the Court may wish to coordinate dispositive briefing in this litigation with the resolution of those issues.

*First,* to the extent other parties have indicated a wish to advance discovery issues at this juncture, Cephalon believes those disputes should be resolved before dispositive motion briefing begins.

*Second,* Cephalon intends to appeal the Court's October 31, 2011 decision in the Apotex patent case once a final judgment has been entered.  While Cephalon disputes the relevance of any *post hoc* decision concerning patent merits, *see, e.g., Valley Drug Co. v. Geneva Pharms., Inc.*, 344 F.3d 1294, 1308 (11th Cir. 2003) (subsequent judgment of invalidity does not render prior settlement unlawful), Plaintiffs presumably intend to continue to argue that the merits of the underlying patent suit are relevant.  Certainly, to the extent Plaintiffs may attempt to argue that any finding of the October 31, 2011 decision might have a preclusive effect against Cephalon in the antitrust actions, the Third Circuit has advised district courts to defer any such decision until resolution of the relevant appeal.[1]

---

[1] *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 175 (3d Cir. 2009) (district courts should "postpon[e] decision on the question of preclusion in a second action until the appeal of the first judgment has been concluded"); *see also*

***Third,*** the Third Circuit has scheduled oral argument in *In re K-Dur Antitrust Litig.*, No. 10-4571, for Monday, December 12, 2011.  As the Court may recall from the briefing on Defendants' motions to dismiss, *K-Dur* is an appeal from Judge Greenaway's order granting summary judgment for defendants based on application of the "scope of the patent" test to Hatch-Waxman patent settlements.  *In re K-Dur Antitrust Litig.*, 2010 WL 1172995 (D.N.J. Mar. 25, 2010), *adopting* 2009 WL 508869 (D.N.J. Feb. 6, 2009); *see King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, 702 F. Supp. 2d 514, 525 n.10 (E.D. Pa. 2010). Plaintiffs in *K-Dur*, including some of the same plaintiffs in these cases, are challenging the application of that standard, much as they are here.  As a result, the Third Circuit's decision may be instructive for the parties' briefing and the Court's decision.[2]  Accordingly, the Court may wish to defer dispositive motions until after the Third Circuit's decision in *K-Dur.*

***Fourth***, with respect to the FTC action, the FTC has moved to join Teva as a party (currently, Cephalon is the only defendant in that action).  Cephalon believes that, at a minimum, the issue of joinder needs to be decided before dispositive motion briefing commences.

If the Court determines to presently schedule all or any part of dispositive motion briefing, Cephalon believes that the general timing proposed by Plaintiffs would be sufficient, upon conclusion of any of the above events that the Court may determine appropriate, specifically: opposition briefs 5 weeks after opening briefs; and reply briefs 3 weeks thereafter.

---

18A Wright & Miller, Federal Practice & Procedure 2d § 4433 at 71 (2002); Restatement (Second) of Judgments, § 13, cmt. f ("The pendency … of an appeal from a judgment, is relevant in deciding whether the question of preclusion should be presently decided in the second action. It may be appropriate to postpone decision of that question until the proceedings addressed to the judgment are concluded."). The Federal Circuit generally applies the law of the relevant regional circuit on such issues. *See Dana v. E.S. Originals, Inc.*, 342 F.3d 1320, 1323 (Fed. Cir. 2003).

[2] Cephalon contends that the Federal Circuit has jurisdiction over each of the four cases in this litigation.  *See, e.g.,* Cephalon's Br. in Support of Motion to Dismiss, Doc. No. 200, at 13-14.  The Federal Circuit applies the "scope of the patent" test as announced in *In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 544 F.3d 1323 (Fed. Cir. 2008). *See Cephalon*, 702 F. Supp. 2d at 527-28 (analyzing *Cipro*). Plaintiffs, however, contend that Third Circuit, not Federal Circuit, precedent controls. *See, e.g.,* DPs' Opp. to Motion to Dismiss, Doc. No. 213 at 70-73.

2. <u>Pages Limits for Briefing</u>.  In general, Cephalon believes 50 pages is sufficient for a dispositive motion brief in each case, with 50 pages for opposition, and 25 pages for reply. However, because Cephalon is a defendant in each of the four cases, it believes it would be more efficient and less burdensome for the Court if Cephalon consolidated its dispositive motion briefing.  Accordingly, Cephalon proposes that it be allowed 100 pages total, across all four cases, for its opening brief: 50 pages to be allocated to issues common in all four matters (*e.g.*, the application of the scope of the patent test, allegations concerning bottleneck, etc.) ("common issues" briefing) and 50 pages dedicated to the several case-specific issues ("case specific issues" briefing).  This proposal would reduce Cephalon's total briefing by half.  Cephalon does not oppose affording Plaintiffs proportionate opposition briefs, and requests 25 pages for reply on the common issues briefing, and 25 pages for reply on the case-specific issues briefing.  Each of these proposed page limits would be exclusive of the statement of facts.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  November 30, 2011 | /s/ James C. Burling, Esq. |
|  | James C. Burling |
|  | Peter A. Spaeth |
|  | WILMER CUTLER PICKERING |
|  | HALE AND DORR LLP |
|  | 60 State Street |
|  | Boston, MA 02109 |
|  | T: 617-526-6000 |
|  | F: 617-526-5000 |
|  |  |
|  | John A. Guernsey |
|  | Nancy J. Gellman |
|  | CONRAD O'BRIEN PC |
|  | 1500 Market Street, Centre Square |
|  | West Tower, Suite 3900 |
|  | Philadelphia, PA 19102-2100 |
|  | T: 215-864-9600 |
|  | F: 215-864-9620 |
|  |  |
|  | *Attorneys for Defendant Cephalon, Inc.* |

## CERTIFICATE OF SERVICE

I certify that on the date set forth below the foregoing Defendant Cephalon, Inc.'s Status Conference Memorandum was electronically filed pursuant to the Court's CM/ECF system, and that the document is available for downloading and viewing from the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the CM/ECF system.

/s/ Nancy J. Gellman
Nancy J. Gellman

Dated: November 30, 2011