# Ex. A
# (Excerpt from Moore's)

### [d]   Agreement to Dispute Resolution in Non-Jury Forum

The acceptance of a contract clause providing for dispute resolution in a forum in which there is no entitlement to jury trial may satisfy the "voluntary and knowing" standard for waiver of the jury trial right.[30]

### [4]   Waiver by Conduct

### [a]   Participation in Bench Trial

Knowing participation in a bench trial without objection constitutes a waiver of the right to jury trial despite a previous timely jury demand. Particularly when a party's participation in a bench trial is vigorous, and there is no mention of a jury, it has been held that the omission cannot be presumed the result of mere inadvertence, but can

---

|  |  |
|---|---|
|  | passenger, despite conspicuous language, since passenger had no choice but to accept contract as written). |
| 3d Circuit | First Union Nat'l Bank v. United States, 164 F. Supp. 2d 660, 665 (E.D. Pa. 2001) (court did not uphold waiver, finding gross disparity in bargaining power, and noting that borrowers had no opportunity to negotiate terms and conditions of loan restructuring agreements containing waiver clause). |
| 5th Circuit | RDO Fin. Servs. Co. v. Powell, 191 F. Supp. 2d 811, 813–814 (N.D. Tex. 2002) (waiver printed in very small font size, buried in middle of lengthy paragraph entitled "Guarantor's Waivers," and not set off from text in any way, which was also one-sided because lender had power to demand jury, was not a knowing and voluntary waiver of guarantor's right to jury trial). |
| 10th Circuit | Dreiling v. Peugeot Motors of Am., Inc., 539 F. Supp. 402, 403 (D. Colo. 1982) (insertion of a waiver provision on the 20th page of a 22 page standardized form contract). |

[30] **Non-jury forum.**

| | |
|---|---|
| 1st Circuit | Rivera v. Centro Medico de Turbo, Inc., 575 F. 3d 10, 23–24 (1st Cir. 2009) (courts "have routinely enforced" forum selection clauses consenting to venue in jurisdictions where civil cases are not tried by jury). |
| 6th Circuit | Boyd v. Allied Home Mortgage Capital Corp., 523 F. Supp. 2d 650, 654 (N.D. Ohio 2007) (plaintiffs knowingly and voluntarily waived right to jury trial by signing agreement containing unambiguous, conspicuous arbitration provision). |
| 8th Circuit | Northwest Airlines, Inc. v. Air Line Pilots Ass'n Int'l, 373 F.2d 136, 142 (8th Cir. 1967) (parties to labor contract provided for final determination of minor disputes by arbitration board; jury trial waived); In re Balsam Corp., 185 B.R. 54, 59 (Bankr. E.D. Mo. 1995) (purchaser of debtor's assets waived right to jury trial by including language in sale agreement that all disputes would be resolved in bankruptcy court). |
| Fed. Circuit | Seaboard Lumber Co. W.T. v. United States, 903 F.2d 1560, 1563 (Fed. Cir. 1990) (timber contractor accepted provision requiring dispute resolution under Contract Disputes Act, which provides for jurisdiction in Article I courts, rather than Article III courts; although the Act was amended to so provide after the contract was executed, the waiver was deemed voluntary and knowing). |

only be ascribed to knowledgeable relinquishment of the prior jury demand.[31] On the other hand, not every participation in a bench trial constitutes consent to the waiver of a jury trial. When a party participates in the bench trial ordered by the court while continuing to demand a jury trial there is no waiver of the right to a jury trial.[31.1]

---

[31] **Participation in bench trial waives jury trial right.**

| | |
|---|---|
| 1st Circuit | Venture Tape Corp. v. McGills Glass Warehouse, 540 F.3d 56, 62–63 (1st Cir. 2008) (party waived right to jury trial on amount of profits when it appeared at remedies hearing and made arguments challenging opposing party's request, and never objected that remedies issue should be tried by jury rather than determined by judge); K-Mart Corp. v. Oriental Plaza, Inc., 875 F.2d 907, 914 (1st Cir. 1989) (defendant waived jury trial right by failing to object to going forward without impanelment). |
| 2d Circuit | Royal Am. Managers, Inc. v. IRC Holding Corp., 885 F.2d 1011, 1018 (2d Cir. 1989) (failure to object and acquiescence in non-jury proceedings). |
| 3d Circuit | Cooper v. Loper, 923 F.2d 1045, 1049 (3d Cir. 1991) (bench trial waives jury right). |
| 4th Circuit | United States v. 1966 Beechcraft Aircraft, 777 F.2d 947, 950 (4th Cir. 1985) (after making jury trial demand, claimants in forfeiture proceeding vigorously participated in bench trial, and failed to object to court's decision to dispose of fact issues without a jury). |
| 5th Circuit | Casperone v. Landmark Oil & Gas Corp., 819 F.2d 112, 116 (5th Cir. 1987) (plaintiff and one co-defendant waived right at pretrial conference; other co-defendant did not attend conference, but made no objection to bench trial at any time during trial). |
| 6th Circuit | Preferred RX, Inc. v. American Prescription Plan, Inc., 46 F.3d 535, 548 (6th Cir. 1995) (no plain error by lower court); Transmatic, Inc. v. Gulton Indus., Inc., 835 F. Supp. 1026, 1027–1028 (E.D. Mich. 1993), aff'd, 53 F.3d 1270 (1995) (patent infringement action; patent holder waived jury trial right by failing to object to bench trial with advisory jury until more than one week into trial). |
| 7th Circuit | In re Muller, 851 F.2d 916, 920 (7th Cir. 1988) (bankruptcy proceeding); Lovelace v. Dall, 820 F.2d 223, 228 (7th Cir. 1987) (pro se plaintiff participated, without objection, in bench trial after agreeing at pretrial conference that demand may be withdrawn). |
| 9th Circuit | White v. McGinnis, 903 F.2d 699, 700 (9th Cir. 1990) (objecting party was on notice that trial court was planning to adjudicate the dispositive issues of fact, but never brought the demand to the court's attention during five month period between bench trial notice and trial, nor during trial before it entered judgment against him), *overruling* Palmer v. United States, 652 F.2d 893, 896 (9th Cir. 1981) (acquiescence to bench trial without more is insufficient to constitute waiver). |
| 10th Circuit | FMC Corp. v. Aero Indus., Inc., 998 F.2d 842, 845 (10th Cir. 1993) (CERCLA cost recovery action; defendant signed pretrial order agreeing to bench trial, and participated in bench trial). |

[31.1] **Continued objection during participation in bench trial.** Solis v. County of Los Angeles, 514 F.3d 946, 956 (9th Cir. 2008) (when court denies jury trial demand, "party has little choice but to accede to the trial court's ruling and participate in the bench trial," and "[r]eluctant participation in a bench trial does not waive one's Seventh Amendment right to a jury trial").

or to an informal direction that the trial is to be held without a jury will not constitute a waiver if circumstances are such that the intent to waive jury trial is not clear.[33]

For further discussion of actions constituting consent to bench trial after jury trial demand has timely been made, see Ch. 39, *Trial by Jury or by the Court.*

### [c] Acquiescence in Discharge of Jury

Counsel's acquiescence in discharge of the jury will constitute a waiver of the jury trial right. Thus, in one case, a statement by counsel for plaintiff that he was done with the jury and an expression of agreement that the jury may be discharged, combined with counsel's knowledge that the jury was being discharged and a continued colloquy with the court thereafter, and failure to protest until an hour and a half later, was deemed to evince consent sufficient to constitute a waiver.[34]

### [d] Failure to Submit Issue to Jury or to Object to Such Failure

Rule 49(a), authorizing the court to require the jury to return a special verdict, provides in subsection (3):

> A party waives the right to a jury trial on any issue of fact raised by the pleadings or evidence but not submitted to the jury unless, before the jury retires, the party demands its submission to the jury. If the party does not demand submission, the court may make a finding on the issue. If the court

---

to object to submission of case to judge instead of jury).

| | |
|---|---|
| *11th Circuit* | Harden v. Adams, 760 F.2d 1158, 1166 (11th Cir. 1985) (waiver contained in amended complaint and later orders of the court). |

[33] **Failure to object, but no clear intent.**

| | |
|---|---|
| *2d Circuit* | Heyman v. Kline, 456 F.2d 123, 129–130 (2d Cir. 1972) (absent party's consent or authorization of counsel, there can be no effective waiver; failure to object to offhand remark by trial judge that trial would be non-jury, made during scheduling of preliminary injunction hearing, before time to answer had expired, was not waiver). |
| *5th Circuit* | Hupp v. Siroflex of Am., Inc., 159 F.R.D. 29, 30–31 (S.D. Tex. 1994) (plaintiff withdrew demand in open court; defendant failed to object, but ambiguity raised reasonable presumption against waiver; defendant demanded jury in its answer, trial had not yet taken place, defendant reserved right to object; it was far from clear that counsel understood failure to object would constitute waiver). |

[34] **Acquiescence in discharge of jury.** Pope v. Savings Bank of Puget Sound, 850 F.2d 1345, 1355 (9th Cir. 1988).

| | |
|---|---|
| *1st Circuit* | Kavanaugh v. Greenlee Co., 944 F.2d 7, 11–12 (1st Cir. 1991) (jury trial right waived as to issues omitted from special verdict form when party waited until jury was discharged before objecting to omissions). |
| *5th Circuit* | Molett v. Penrod Drilling Co., 826 F.2d 1419, 1423–1424 (5th Cir. 1987) (failure to object when trial court announced it would discharge jury and try third party claim). |
| *9th Circuit* | Pope v. Savings Bank of Puget Sound, 850 F.2d 1345, 1355 (9th Cir. 1988) (counsel's confusion unreasonable as to discharge). |

makes no finding, it is considered to have made a finding consistent with its judgment on the special verdict.

Thus, when a special verdict is sought, a party waives its right to have a jury trial of any issue if it neglects to request that the issue be submitted to the jury,[35] or fails to object when the issue is not presented.[36] This rule has been applied to the failure to submit an issue in interrogatories presented to the jury,[37] to the failure to object when interrogatories are submitted that do not contain the particular issue,[38] and when a

---

[35] **Failure to request on special verdict.**

*5th Circuit* — Reo Indus., Inc. v. Pangaea Resource Corp., 800 F.2d 498, 501 (5th Cir. 1986) (owner of trade secret failed to seek submission to jury, on special verdict, of issue of extent of benefit to user of trade secret, and failed to object when issue not submitted; jury verdict on issue deemed waived).

*8th Circuit* — Rose Confections, Inc. v. Ambrosia Chocolate Co., 816 F.2d 381, 389 (8th Cir. 1987) (failure to request district court to submit question on competitive injury under Robinson-Patman Price Discrimination Act in special verdict).

*9th Circuit* — Ward v. City of San Jose, 737 F. Supp. 1502, 1512 (N.D. Cal. 1990) (plaintiffs failed to properly present the issue of whether there was reckless conduct that would subject defendants to liability for the wrongful death of decedent by excluding it from the special verdict form).

[36] **Failure to object on special verdict.**

*1st Circuit* — Kavanaugh v. Greenlee Tool Co., 944 F.2d 7, 11–12 (1st Cir. 1991) (jury trial right waived as to issues omitted from special verdict form when party waited until jury was discharged before objecting to omissions).

[37] **Failure to submit issue in interrogatories.**

*1st Circuit* — Anderson v. Cryovac, Inc., 862 F.2d 910, 915–918 (1st Cir. 1988) (a litigant who accedes to the form of a special interrogatory will not be heard to complain after the fact; if a slip has been made, the parties detrimentally affected must act expeditiously to cure it, not lie in wait and ask for another trial when matters turn out not to their liking).

*10th Circuit* — Bruno v. Western Elec. Co., 829 F.2d 957, 961–962 (10th Cir. 1987) (jury trial right was waived on issue of employer's continuing violation in ADEA suit when both parties failed to submit the question as part of special interrogatories given to jury).

*11th Circuit* — Jones v. Westside-Urban Health Ctr., Inc., 771 F. Supp. 359, 362–363 (S.D. Ga. 1991) (plaintiff, alleging employment discrimination, failed to submit a jury interrogatory regarding sick leave damages, although given the opportunity to do so, and failed to object to the omission of a sick leave damages interrogatory to the jury; plaintiff's failure was deemed a waiver of jury trial of the issue of whether sick leave was an element in retaliatory discrimination).

[38] **Failure to object to omission in interrogatories.**

*1st Circuit* — Eastern Mountain Platform Tennis v. Sherwin-Williams, 40 F.3d 492, 501 (1st Cir. 1994) (determination of portion of damages flowing from consumer protection claim was not requested in interrogatories; by failing

Thus, waiver by participation in a bench trial is a narrowly construed exception to the right to a jury trial. It applies only when the party claiming the jury trial right is attempting to act strategically, participating in the bench trial in the hopes of achieving a favorable outcome, then asserting lack of consent to the bench trial when the result turns out to be unfavorable.[31.2]

### [b]  Failure to Object to Pre-Trial Order Providing for Bench Trial

It has been held that a litigant may waive its right to jury trial, even after making a timely demand, by failing to object to a district court's pretrial order providing for a bench trial.[32] However, the failure to object to a withdrawal of a jury trial demand,

*(Text continued on page 38-261)*

---

[31.2] **Waiver applies only when party participates "strategically."** Solis v. County of Los Angeles, 514 F.3d 946, 955–956 (9th Cir. 2008) (it was clear that party was not seeking "two bites at the procedural apple" by participating in the bench trial).

[32] **Failure to object to bench trial order.**

| | |
|---|---|
| 4th Circuit | General Business Servs. Inc. v. Fletcher, 435 F.2d 863, 864 (4th Cir. 1970) (order of court noting waiver of jury trial). |
| 5th Circuit | Southland Reship, Inc. v. Flegel, 534 F.2d 639, 644 (5th Cir. 1976) (month lapse constitutes waiver). |
| 6th Circuit | Sewell v. Jefferson County Fiscal Court, 863 F.2d 461, 466 (6th Cir. 1988) (counsel for plaintiff made an oral motion for a continuance during pretrial conference; in its written order granting the motion, the court stated that the case was continued until such date "for a trial before the court"; absent objection, the order was deemed binding). |
| 7th Circuit | Lovelace v. Dall, 820 F.2d 223, 228 (7th Cir. 1987) (pretrial minutes stating that jury demand was withdrawn and case was set down for bench trial). |
| 8th Circuit | Bostic v. Goodnight, 443 F.3d 1044, 1047 (8th Cir. 2006) (even if jury trial has been properly demanded, party may waive right to jury trial by failing |

*(Footnote continued on page 38-261)*