# Ex. D

(9-1-10 Letter)

WILMERHALE

Mark A. Ford

+1 617 526 6423(t)
+1 617 526 5000(f)
mark.ford@wilmerhale.com

September 1, 2010

*By E-mail*

Lauren Ravkind
Kenny Nachwalter
One Congress Plaza
111 Congress Avenue, Suite 1060
Austin, Texas 78701

Re:   King Drug Direct Purchaser Litigation – Civ. A. No. 06-1797
      Vista Healthplan End Payor Class Action – Civ. A. No. 06-1833
      Apotex Litigation – Civ. A. No. 06-2768
      FTC Litigation – Civ. A. No. 08-2141

Dear Lauren:

I write in response to your letter of August 24, 2010, and to follow-up on our teleconferences on August 25th and 26th, regarding the parties' obligations to log privileged materials in the above-captioned litigation.

First, I wish to confirm our agreement regarding Cephalon's obligation to log privileged communications. In particular, we understand that Direct Purchasers do not object to Cephalon's proposal that it exclude the following from any privilege log in this litigation:

   1.   materials prepared by or exchanged among and between Cephalon's outside counsels and their staffs only;

   2.   communications among or between Cephalon's outside counsel and Cephalon's in-house counsel, regardless of the subject matter of those communications;

   3.   communications among or between Cephalon's counsel (outside or in-house) and other Cephalon employees or agents about this litigation (including the patent claims in the Apotex case), the FTC investigation, and/or the underlying patent litigation; and

   4.   communications, on or after April 27, 2006 (the date the *King Drug* complaint was filed), among or between Cephalon's outside counsel and outside counsel for the Generic Defendants about this litigation (including the patent claims in the Apotex case).

WILMERHALE

Lauren Ravkind
September 1, 2010
Page 2

With respect to (2) and (3) above, the parties agree to revisit the scope of these carve-outs if Cephalon affirmatively relies on advice of counsel in this case. In addition, you have asked that Plaintiffs may revisit the agreements set forth in (2) and (3) above for "any [other] reason." Cephalon confirms that it will not object to a request to reopen the discussion about those agreements if the Plaintiffs believe in good faith circumstances have changed necessitating their access to a log of such responsive communications.

With respect to (4) above, Cephalon had additionally proposed that communications among or between Cephalon's outside counsel and outside counsel for the Generic Defendants *about the FTC Investigation* also be excluded from any log. Although the FTC has agreed to this exclusion, and no other party has voiced an objection, the Direct Purchasers object. For the reasons set forth during our call, Cephalon believes Direct Purchasers' demand is completely unjustified. However, in the interest of moving this negotiation along to completion, Cephalon will revisit this issue with the Direct Purchasers when and if it identifies any such communications that are both responsive and need to be withheld or redacted on the basis of a privilege claim.

In light of the foregoing, Cephalon does not object to reciprocal carve-outs for the Direct Purchasers. Cephalon, however, does not speak for its co-defendants. Specifically, as far as Cephalon is concerned, Direct Purchasers need not log:

    1.    materials prepared by or exchanged among a Direct Purchaser's outside counsel and their staffs only;

    2.    communications among or between a Direct Purchaser's outside counsel and in-house counsel regarding any subject matter;

    3.    communications among or between a Direct Purchaser's counsel (outside or in-house) and another employee or agent of that Direct Purchaser about this litigation (e.g., communications concerning factual investigation to respond to discovery requests, deposition preparation, trial preparation, document collection, and similar litigation efforts); and

    4.    communications among or between a Direct Purchaser's outside counsel and outside counsel for another Direct Purchaser or Plaintiff about this litigation (e.g., concerning litigation strategy and coordination).

USIDOCS 7645977v1

WILMERHALE

Lauren Ravkind
September 1, 2010
Page 3

With respect to (4), however, for the reasons set forth in Cephalon's September 1, 2010 letter to the FTC, the carve-out does not include communications among or between a Direct Purchaser's outside counsel and counsel for the FTC which took place before the FTC filed suit in federal court on February 13, 2008.

Best regards,

Mark A. Ford

MAF/djk

CC: James C. Burling
Distribution (via email)

WILMERHALE

Lauren Ravkind
September 1, 2010
Page 4

## **DISTRIBUTION**

| | |
|---|---|
| Markus H. Meier, Esq.<br>Bradley S. Albert, Esq.<br>Timothy J. Slattery, Esq.<br>Federal Trade Commission<br>600 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20580<br>mmeir@ftc.gov<br>balbert@ftc.gov<br>tslattery@ftc.gov<br>*Counsel for the Federal Trade Commission* | Karen N. Walker, Esq.<br>Greg Skidmore, Esq.<br>Kirkland & Ellis LLP<br>655 Fifteenth Street, N.W.<br>Washington, D.C. 20005-5793<br>karen.walker@kirkland.com<br>greg.skidmore@kirkland.com<br>*Counsel for Barr* |
| C. Fairley Spillman, Esq.<br>Akin Gump Strauss Hauer & Feld LLP<br>1333 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036-1564<br>fspillman@akingump.com<br>*Counsel for Mylan* | Lisa Jose Fales, Esq.<br>Danielle R. Foley, Esq.<br>Venable LLP<br>575 7th Street, N.W.<br>Washington, D.C. 20004<br>ljfales@Venable.com<br>drfoley@Venable.com<br>*Counsel for Ranbaxy* |
| Joseph E. Wolfson, Esq.<br>Stevens & Lee<br>620 Freedom Business Center, Suite 200<br>P.O. Box 62330<br>jwo@stevenslee.com<br>*Counsel for Teva* | Joseph Opper, Esq.<br>Kimberly Hennings, Esq.<br>Garwin Gerstein & Fisher LLP<br>1501 Broadway, Suite 1416<br>New York, NY 10036<br>jopper@garwingerstein.com<br>khennings@garwingerstein.com<br>*Lead Counsel for Direct Purchasers* |
| Daniel Berger, Esq.<br>David F. Sorensen, Esq.<br>Berger & Montague, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br>danberger@bm.net<br>dsorensen@bm.net<br>*Liaison Counsel to Direct Purchaser* | Moncia L. Rebuck, Esq.<br>Hangley Aronchick Segal & Pudlin<br>30 North Third Street<br>Suite 700<br>Harrisburg, PA 17101-1701<br>mrebuck@hangley.com<br>*Counsel for Rite-Aid Plaintiffs* |

WILMERHALE

Lauren Ravkind
September 1, 2010
Page 5

| | |
|---|---|
| Scott E. Perwin, Esq.<br>Kenny Nachwalter, P.A.<br>201 South Biscayne Boulevard<br>1100 Miami Center<br>Miami, Florida 33131-4327<br>sperwin@kennynachwalter.com<br>*Counsel for Walgreen Plaintiffs* | Joseph H. Melzter, Esq.<br>Barroway Topaz Kessler Meltzer Check LLP<br>280 King of Prussia Road<br>Radnor, PA 19087<br>jmeltzer@btkmc.com<br>*Liaison and Interim Lead Counsel for End-Payors* |
| Kevin B. Love, Esq.<br>Criden & Love, P.A.<br>7301 SW 57th Court, Suite 515<br>South Miami, FL 33143<br>klove@cridenlove.com<br>*Co-Lead Counsel for End-Payors* | Theodore M. Lieverman, Esq.<br>Spector Roseman Kodroff & Willis P.C.<br>1818 Market Street, Suite 2500<br>Philadelphia, PA 19103<br>tlieverman@srkw-law.com<br>*Co-Lead Counsel for End-Payors* |
| Kendall S. Zylstra, Esq.<br>Faruqi & Faruqi, LLP<br>101 Greenwood Avenue<br>Suite 600<br>Jenkintown, PA 19046<br>kzylstra@faruqilaw.com<br>*Counsel for Avmed* | Robert B. Breisblatt, Esq.<br>Brian J. Sodikoff, Esq.<br>Katten Muchin Rosenman LLP<br>525 West Monroe Street<br>Chicago, IL 60661-3693<br>modafinil@kattenlaw.com<br>*Counsel for Apotex* |