## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| APOTEX, INC., | |
| _Plaintiff_, | |
| v. | |
| CEPHALON, INC., _et al._ | Civil Action No. 2:06-cv-2768-MSG |
| _Defendants_. | |

## APOTEX'S MEMORANDUM IN OPPOSITION TO DEFENDANT CEPHALON'S MOTION TO DEFER CONSIDERATION OF APOTEX'S MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT

Cephalon's complete reversal of its position on whether the Court should enter a Rule 54(b) partial final judgment on Apotex's patent claims only highlights the weakness of its Seventh Amendment arguments. Apotex previously moved under 54(b) to certify its patent claims once non-infringement was decided by the Court. Dkt. # 520; Dkt. # 521, at 2. In that earlier briefing, Apotex specifically discussed _Innotron_ and explained that law of the case would resolve many of the issues in the antitrust phase of the case:

> To the extent there is an overlap with the antitrust claims, the Court's decisions on the '516 and '346 patents are law of the case and binding, so there is no risk of re-litigating the same issues. _See In Re Innotron Diagnostics_, 800 F.2d 1077 (Fed. Cir. 1986). In _Innotron_, the district court had separated the antitrust claims from the patent claims. _Innotron_, 800 F.2d at 1079. The Federal Circuit confirmed that this was all one lawsuit, and that the separation of the patent from the antitrust claims was appropriate. According to the court, "…economy is served because in the trial of the patent issues the validity of the patent and Innotron's affirmative defenses will become law of the case and thus removed from trial on the original antitrust issues...." _Id._ at 1085. Further, if the antitrust complainant (Innotron) prevails on the patent issues at the patent trial, then all it need try in the antitrust trial are the "different issues of relevant market, predatory intent, market dominance, and (perhaps) guilty knowledge." _Id_ at 1086, fn 17; _Kimberly Clark Worldwide Inc. v. First Quality Baby Products LLC_, 2011 WL 1627052, at *2

(M.D. Pa. April 29, 2011) ("resolution of the patent disputes would become the law of the case, and thus eliminate or reduce some of the proof that would be necessary at trial on the [antitrust] counterclaims.") (citing *Official Comm. of Unsecured Creditors v Shapiro*, 190 F.R.D. 352, 354 (E.D. Pa. 2000).

Dkt. #521, at 5-6 (emphasis added).

Aware that Apotex was seeking preclusive effect, Cephalon **AGREED** that a 54(b)

judgment should be entered before the antitrust claims were litigated:

Apotex's pending antitrust claims <u>need not be resolved before</u> entry of partial, final judgment as to Counts I, II, III and IV of Apotex's Second Amended Complaint once the final pending patent count on infringement of the '516 patent (Count III) is decided.

Dkt. # 524, at 2 (internal quotations omitted, emphasis added).  There was no dispute that the

Court's judgment should be made final before the antitrust claims were resolved.[1]

Since then, nothing has changed except for Cephalon's belated, contorted Seventh

Amendment arguments.  But as Apotex points out in its Reply in Support of Preclusive Effect,

Cephalon would turn the law of the case doctrine on its head by ignoring the Court's findings

and having a jury re-decide the same issues.  It is the jury's future decision that must comport

with the Court's rulings, which are law of the case.  *Speeney v. Rutgers*, 369 Fed. Appx. 357, 360

(3d Cir. 2010) ("A jury verdict cannot stand if there is no possible way for it to be reconciled

---

[1] The only question presented by the parties was how to handle Apotex's pending Motion for Fees.  Apotex proposed the Court certify the final patent judgments under Rule 54(b) while maintaining collateral jurisdiction over, and moving forward with, Apotex's Motion for Fees. *See* Dkt. No. 531, at p. 1 (citing *West*, which holds the Court can retain collateral jurisdiction over fee awards while merits of the case are appealed).

Cephalon proposed two options.  One was, "Cephalon does not oppose the Court entering a 54(b) partial, final judgment on Counts I-III and V of Apotex's Second Amended Complaint, provided the Court also stays Apotex's exceptional case motion pending appeal."  Dkt. # 524 at 4.  The other was, "Alternatively, if the Court elects to rule on Apotex's Fee Motion now, it should defer entering a 54(b) judgment until after the resolutions of Apotex's Fee Motion." *Id.* at 6.  Apotex pointed out that this second option was flawed because the Court should grant fees generally <u>and</u> award a specific amount before certifying the fee issue.  *See* Dkt. No. 531, at p. 2 (citing *Special Devices*).

with the law of the case") (unpublished) (citing *Bolden v. Se. Pa. Transp. Auth.*, 21 F.3d 29, 30-31 (3d Cir. 1994)).[2]  As fully explained in Apotex's Motion for Preclusive Effect and Reply, application of law of the case would not violate any jury trial rights because, *inter alia*, Cephalon waived them by specifically requesting the Court determine the fraud on the PTO issue.

Because nothing substantive has changed, Apotex's position is fully briefed in its earlier Rule 54(b) Motion (Dkt. No. 521) and proposed Reply in support thereof (Dkt. No. 531), which Apotex incorporates herein by reference.[3]  Cephalon's instant motion would only cause more delay.  Apotex therefore requests the Court enter 54(b) Partial Final Judgment, as previously agreed by the parties.

---

[2] In *Speeney*, the Third Circuit vacated application of law of the case on other grounds – that the earlier determination (based on a limited hearing) did not qualify as a full and fair opportunity to litigate.  Here, there were two full bench trials.

[3] Apotex respectfully requested that the Court grant leave to file the reply found attached as Ex. A to Docket No. 531.  Apotex's Rule 54(b) Motion, and the Motion for Leave to File a Reply, are currently pending.

Respectfully submitted,

Dated: March 5, 2012

/s/ Brian J. Sodikoff
Robert B. Breisblatt
Alexander S. Vesselinovitch
Brian J. Sodikoff
Thomas J. Maas
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
Phone: (312) 902-5200

Howard Langer
LANGER GROGAN & DIVER, P.C.
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Phone: (215) 320-5661

*Attorneys for Apotex, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| APOTEX, INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | CIVIL ACTION No. 2:06-cv-2768-MSG |
| v. | ) | |
| | ) | |
| CEPHALON, INC., *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I certify that on March 5, 2012, a copy of APOTEX'S MEMORANDUM IN OPPOSITION TO DEFENDANT CEPHALON'S MOTION TO DEFER CONSIDERATION OF APOTEX'S MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT was served on counsel of record via the Court's ECF system.

Dated: March 5, 2012

/s/ Thomas J. Maas
Robert B. Breisblatt
Alexander S. Vesselinovitch
Brian J. Sodikoff
Thomas J. Maas
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
Phone: (312) 902-5200

Howard Langer
LANGER GROGAN & DIVER, P.C.
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Phone: (215) 320-5661

*Attorneys for Apotex, Inc.*