IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APOTEX, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> CEPHALON, INC., *et al.* <br><br> *Defendants.* | FILED <br> MAR 8 2012 <br> MICHAEL E. KUNZ, Clerk <br> By_____ Dep. Clerk <br><br><br> Civil Action No. 2:06-cv-2768-MSG |

### APOTEX'S *COMBINED* REPLY FOR
### (1) APOTEX'S MOTION FOR ENTRY OF PARTIAL, FINAL JUDGMENT ON COUNTS I, II, III AND V OF APOTEX'S SECOND AMENDED COMPLAINT
### &
### (2) APOTEX'S MOTION TO DECLARE THIS AN EXCEPTIONAL CASE AND FOR ATTORNEYS' FEES AND EXPENSES
### PURSUANT TO 35 U.S.C. § 285 AND FRCP 54(d)(2)

On November 11, 2011, Apotex filed two separate motions that address two separate issues. Apotex's motion under Fed. R. Civ. P. 54(b) moved the Court to certify all judgments on the patent claims. This motion does not involve the award of attorneys' fees, and so Apotex requests that the Agreed Order attached as Ex. A to Cephalon's response be entered. (Dkt. No. 524-1).

While the patent claims are being appealed under Rule 54(b), this Court maintains collateral jurisdiction over the award of attorneys' fees. *West v. Keve*, 721 F.2d 91, 94-95 (3rd Cir. 1983); *see also Thomas v. Capital Sec. Services, Inc.*, 812 F.2d 984, 987 (5th Cir. 1987) (collecting cases). Apotex's Exceptional Case Motion for attorneys' fees is the first step in a two-step process on that issue (the second being the establishment of a specific award amount). These two steps must be bundled together for potential appellate review. *Special Devices, Inc. v.*

2

*OEA, Inc.*, 269 F.3d 1340, 1343 (Fed. Cir. 2001) (holding award of fees with an unspecified amount under 35 U.S.C. § 285 is not a final decision, and that Federal Circuit law governs this jurisdictional question). Therefore, the Court can presently grant the award of fees and then determine the precise fee award concurrently as the patent claims proceed on any appeal. The Court need not determine a precise fee amount before certifying the patent claims, and under *Special Devices*, should not certify a decision awarding fees before determining the precise amount.

<u>Reply on the 54(b) Motion</u>

In its opposition to 54(b), Cephalon proposes two potential procedures. The first is to enter 54(b) on the patent claims, but defer judgment on Apotex's Exceptional Case Motion. *See 54(b) Response*, at 4. The parties therefore agree that the patent claims should be certified. The second part of Cephalon's first proposal – deferring resolution of Apotex's Exceptional Case Motion – is unrelated to Apotex's 54(b) motion, which only seeks final judgment on the patent claims. *See supra* (describing how the award of attorneys' fees is a separate, collateral matter that can remain with the district court as any appeal proceeds separately). Cephalon's requested deferral on Apotex's Exceptional Case Motion should be denied, and the patent claims should be certified now for potential appeal. As to the terms of the 54(b) Certification Order, both parties agree on the proposed Order attached as Ex. A to Cephalon's response. (Dkt. No. 524-1.)

Cephalon's second proposal is to enter a 54(b) order only after the Court rules on Apotex's Exceptional Case Motion. This would not be proper under *Special Devices*, because in order to make the award of fees "final" and suitable for appeal, the Court would have to not only grant Apotex's motion, but actually determine a specific amount for fees. This will take additional time if Cephalon contests Apotex's fee amount. Apotex therefore requests the Court simply grant Apotex's 54(b) motion without conditions or delay.

3

As to the language of the Judgment, both parties agree that the Court should enter judgment for Apotex on Counts I, II, III, and V of its Amended Complaint should the Court determine that Cephalon has failed to prove that Apotex's ANDA product would fall within the scope of the patent claims (*i.e.*, a finding of no infringement). Apotex further agrees that it is good practice for the Court to make findings of fact and conclusions of law on the issue of infringement, regardless of the outcome. *See Medtronic, Inc. v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563, 1583 (Fed. Cir. 1983). Apotex, however, believes that even if the Court finds that Apotex's ANDA product will fall within the scope of the claims or "infringe," the operative *judgment* on Count III should be one of non-infringement because the patent has already been held invalid. As such, any finding of infringement would be an alternative/conditional ruling, applicable if, and only if, the Court's judgments of invalidity and inequitable conduct are both overturned on appeal.

That is because invalidity is an affirmative defense to a claim of infringement. 35 U.S.C. § 282; *see, e.g., Perricone, M.D. v. Medicis Pharm. Corp.*, 432 F.3d 1368, 1380 (Fed. Cir. 2005) ("Recognizing that invalidity is an affirmative defense to infringement, the district court granted Medicis' motion for summary judgment of non-infringement of the '693 patent."). By proving this affirmative defense, Apotex has defeated Cephalon's claims of infringement because "there is nothing to be infringed." *See, e.g., Richdel, Inc. v. Sunspool Corp.*, 714 F.2d 1573 (Fed. Cir. 1983). Indeed, in two of the cases cited by Cephalon (response at 5, fn 2), the Federal Circuit did not even reach the issue of infringement after affirming the invalidity decision – proving this affirmative defense is dispositive of the infringement claim. *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1358 (Fed. Cir. 2009) (affirming obviousness resolves all issues between the parties); *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554,

4

Case 2:06-cv-02768-MSG   Document 531-1   Filed 12/09/11   Page 5 of 8

1556 (Fed. Cir. 1997) (not reaching the issue of infringement after a finding of invalidity).[1] The Judgment on Count III of non-infringement should be entered in Apotex's favor on the current record because Apotex has established an affirmative defense that is determinative of the infringement issue.[2]

Regardless of the 54(b) issue, Apotex respectfully requests to move forward with the antitrust case and believes that setting a trial date in August 2012 is appropriate.[3] That is because the issues resolved by the Court in the bifurcated patent claims are part of the same action as the antitrust claims and are, therefore, law of the case. *See In Re Innotron Diagnostics*, 800 F. 2d 1077, 1085 (Fed Cir 1986) ("in the trial of the patent issues the validity of the patent and Innotron's affirmative defenses will become law of the case and thus removed from trial on the original antitrust issues."). At most, all that is left for the antitrust claims against Cephalon are the "different issues of relevant market, predatory intent, market dominance, and (perhaps) guilty knowledge." *Id* at 1086, fn 17; *Kimberly Clark Worldwide Inc v First Quality Baby Products LLC*, 2011 WL 1627052, at *2 (M.D. Pa.April 29, 2011) ("resolution of the patent disputes would become the law of the case, and thus eliminate or reduce some of the proof that would be

---

[1] These holdings show that the difference between the judgments may be somewhat academic because either way, Apotex is clearly the prevailing party on the action as a whole, having established invalidity and inequitable conduct.

[2] There are cases where courts have found infringement and invalidity in opinions; for example, the cases cited by Cephalon, but it is unclear whether that language was utilized in the actual judgments. The Court should also be aware that the late Judge Rich, in *dicta* and in dissent, has suggested that invalid claims can be infringed. *Spectra-Physics, Inc. v. Coherent, Inc.*, 827 F.2d 1524, 1535 (Fed. Cir. 1987); *Unique Concepts, Inc. v. Brown*, 939 F.2d 1558, 1565 (Fed. Cir. 1991) (dissenting). But given that invalidity is an affirmative defense that defeats a claim of infringement, and that Apotex has already established invalidity, the approach taken by the *Perricone* court of entering judgment of non-infringement where invalidity is proven is more sound and technically correct for entry of a judgment.

[3] Apotex does not have the additional issues of collateral estoppel, multiple plaintiffs, and/or class certification, and, unlike the FTC, is pursuing a *Walker Process* fraud-based antitrust claim.

Case 2:06-cv-02768-MSG Document 531-1 Filed 12/09/11 Page 6 of 8

necessary at trial on the [antitrust] counterclaims.") (citing *Official Comm. of Unsecured Creditors v Shapiro*, 190 F.R.D. 352, 354 (E.D. Pa. 2000)).

<u>Reply on the Attorneys' Fees Motion</u>

Cephalon's opposition brief spends more time arguing for delay then it does opposing the substance of Apotex's motion for fees. Because there is no real dispute on whether Apotex should be awarded fees, it is more efficient to grant the motion now (instead of balancing the interests in deciding whether to defer, only to have to rule on the motion later). Resolving this issue will help to move this case forward to final resolution, and there is no compelling reason to wait.[4]

If the Court grants Apotex's Exceptional Case Motion, Apotex would soon thereafter provide Cephalon with an itemized fee and expense request and allow Cephalon a reasonable amount of time to challenge. After meeting and conferring, Apotex would present the challenged issues to the Court and seek a specific award amount.

---

[4] For the record, Apotex disagrees with Cephalon's assertion that Apotex's request for fees is premised only on the finding of inequitable conduct. Apotex cited that issue because it is sufficient, but considers its request based on the entire record of the case. *See, e.g., Apotex's Motion*, at 2 (identifying the entire Court Opinion); *id.* at 7 (citing other factors, including it not being a close validity case under *Enzo*). Apotex also notes that Judge Yohn's grant of summary judgment in the *Teva v. AstraZeneca* case cited by this Court in its Amended Opinion was recently affirmed by the Federal Circuit. *Teva Pharm. Indus. Ltd. v. AstraZeneca Pharms. LP.*, 2011 WL 5995230 (Fed. Cir. Dec. 1, 2011).

6

Respectfully submitted,

Dated: December 9, 2011

/s/ Thomas J. Maas
Robert B. Breisblatt
Brian J. Sodikoff
Martin S. Masar III
Thomas J. Maas
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
Phone: (312) 902-5200

Howard Langer
LANGER GROGAN & DIVER, P.C.
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Phone: (215) 320-5661

*Attorneys for Apotex, Inc.*

7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APOTEX, INC., <br><br> Plaintiff <br><br> v. <br><br> CEPHALON, INC., et al. <br><br> Defendants | CIVIL ACTION <br><br> No. 2:06-cv-2768-MSG |

## CERTIFICATE OF SERVICE

I certify that on December 9, 2011, a copy of APOTEX'S COMBINED REPLY FOR (1) APOTEX'S MOTION FOR ENTRY OF PARTIAL, FINAL JUDGMENT ON COUNTS I, II, III AND V OF APOTEX'S SECOND AMENDED COMPLAINT & (2) APOTEX'S MOTION TO DECLARE THIS AN EXCEPTIONAL CASE AND FOR ATTORNEYS' FEES AND EXPENSES PURSUANT TO 35 U.S.C. § 285 AND FRCP 54(d)(2) was served via the Court's ECF system.

Dated: December 9, 2011

/s/ Thomas J. Maas
Robert B. Breisblatt
Brian J. Sodikoff
Martin S. Masar III
Thomas J. Maas
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
Phone: (312) 902-5200

Howard Langer
LANGER GROGAN & DIVER, P.C.
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Phone: (215) 320-5661

*Attorneys for Apotex, Inc.*

8