IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APOTEX, INC.,<br><br>                    Plaintiff,<br><br>    v.<br><br>CEPHALON, INC., et al.,<br><br>                    Defendants. | CIVIL ACTION<br><br>No. 06-cv-2768-MSG |

## DEFENDANT CEPHALON, INC.'S SURREPLY IN OPPOSITION TO APOTEX'S MOTION TO PRECLUDE EVIDENCE OR TO COMPEL DISCLOSURE OF CEPHALON DOCUMENTS

WILMER CUTLER PICKERING
   HALE AND DORR LLP

James C. Burling
Peter A. Spaeth
Mark A. Ford
Yin Zhou
60 State Street
Boston, MA 02109
T: 617-526-6000
F: 617-526-5000

Dated: January 2, 2013

CONRAD O'BRIEN PC

John A. Guernsey
Nancy J. Gellman
1500 Market Street
Centre Square
West Tower, Suite 3900
Philadelphia, PA 19102-1921
T: 215-864-9600
F: 215-864-9620

*Attorneys for Defendant Cephalon, Inc.*

In its Reply in Support of Its Motion to Preclude Evidence or to Compel Disclosure of Cephalon Documents, Apotex relies primarily on *In re MSTG*, 675 F.3d 1337 (Fed. Cir. 2012), but mischaracterizes the case and quotes it out of context. *See* Reply of Pl. Apotex, Inc. in Supp. of Its Mot. to Preclude Evidence or to Compel Disclosure of Cephalon Docs ("Reply") 4, December 24, 2012, ECF No. 572-2.

First, *MSTG* does not involve a motion to compel documents withheld under the attorney-client privilege and/or work product doctrine, but rather concerns negotiation documents withheld under a claimed "settlement negotiation privilege." 675 F.3d at 1342. Cephalon is not asserting any "settlement negotiation privilege" and, indeed, has produced the negotiation documents between Teva and Cephalon.

Second, the Federal Circuit – contrary to Apotex's claim in its Reply – did not "compel disclosure of … privileged documents" because they were relevant to an opinion offered by an expert. In fact, the court held that the documents were not privileged, declining to recognize the so-called "settlement negotiation privilege." *Id.* at 1348. Only after concluding that the documents were not privileged did the court consider whether those non-privileged negotiation documents should be produced because they were relevant to the expert's reasonable royalty analysis. *Id.* Accordingly, if germane at all to the motion at issue, *MSTG* supports Cephalon's opposition. The case certainly offers no basis to depart from well-settled Third Circuit law in *Rhone-Poulenc Rorer Inc. v. Home Indemnity Co.*, 32 F.3d 851, 864 (3d Cir. 1994).

The remainder of Apotex's Reply simply repeats the arguments already addressed in Cephalon's opposition.

Dated: January 2, 2013                    Respectfully submitted,
                                          /s/ James C. Burling_____
                                          James C. Burling

Peter A. Spaeth
Mark A. Ford
Yin Zhou
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
T: 617-526-6000
F: 617-526-5000

John A. Guernsey
Nancy J. Gellman
CONRAD O'BRIEN PC
1500 Market Street, Centre Square
West Tower, Suite 3900
Philadelphia, PA 19102-2100
T: 215-864-9600
F: 215-864-9620

*Attorneys for Defendant Cephalon, Inc.*