# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KING DRUG COMPANY OF FLORENCE., INC, et al., | : : : : | CIVIL ACTION |
| Plaintiffs, v. | : : : | No. 2:06-cv-1797 |
| CEPHALON, INC., et al., | : : | |
| Defendants. | : | |
| VISTA HEALTHPLAN, INC., et al., | : : | CIVIL ACTION |
| Plaintiffs, v. | : : : | No. 2:06-cv-1833 |
| CEPHALON, INC., et al., | : : | |
| Defendants. | : | |
| APOTEX, INC., | : : | CIVIL ACTION |
| Plaintiff, v. | : : : | No. 2:06-cv-2768 |
| CEPHALON, INC., et al., | : : | |
| Defendants. | : | |
| FEDERAL TRADE COMMISSION, | : : | CIVIL ACTION |
| Plaintiff, v. | : : : | No. 2:08-cv-2141 |
| CEPHALON, INC., | : : | |
| Defendant. | : | |

## DEFENDANT CEPHALON, INC.'S RESPONSE TO
## THE FEDERAL TRADE COMMISSION'S MOTION TO STAY

Defendant Cephalon, Inc. ("Cephalon") files this response to the Federal Trade Commission's Motion to Stay, Civ. A. No. 08-2141, Dkt No. 224 (the "Motion"), to clarify its position. While Cephalon does not oppose the FTC's motion to stay *all* of the coordinated cases captioned above (as the FTC proposes), Cephalon would oppose a stay of *only* the FTC case (as at least some Plaintiffs purportedly propose). The Generic Defendants join Cephalon in this response.

1. In its Motion, the FTC correctly reports that Cephalon does not oppose the FTC request to stay the Pretrial Scheduling Order as to all of the above-captioned matters, and to extend all dates in that Order for the same period as the U.S. government shutdown. *See* Motion at ¶¶ 3-5.

2. Cephalon was not aware, however, until after it advised the FTC this morning that it would not oppose the Motion, that several of the Plaintiffs objected to the proposed stay, and in particular that at least some Plaintiffs would propose fragmenting these coordinated proceedings by staying only the FTC case and not the private actions. *See id*. at ¶ 5.

3. Cephalon agrees with the FTC that "it is not feasible, for purposes of the Court's Pretrial Scheduling Order, to separate the FTC's case from the related private antitrust actions." *See id*. at ¶ 6.

4. As an initial matter, discovery in this litigation has always been coordinated "to reduce undue duplication and cumulative discovery." *See* Joint Motion for Entry of Discovery Coordination Order, Dkt. No. 76, at 2. Indeed, discovery requests, expert reports, and fact and expert depositions are often shared or common across multiple Plaintiffs[1] and cannot be easily separated into FTC and private party segments or schedules without resulting in confusion and

---

[1] As the FTC points out, it plans to submit a supplemental expert report from an expert it shares with the Private Plaintiffs. See Motion at ¶ 6.

2

inefficiency. For example, it would be highly inefficient, not to mention unfairly prejudicial, for Cephalon not to be able to negotiate the scope of overlapping discovery with all Plaintiffs in a coordinated fashion. In addition, Cephalon's experts have responded to points advanced by multiple Plaintiffs' experts, and Cephalon anticipates the same will be true for the upcoming supplemental expert reports. It would be unduly burdensome, and again unfairly prejudicial, for Cephalon to have to submit multiple expert reports on different timetables or to present the same Cephalon expert for deposition multiple times.

5. In addition, Plaintiffs' pending motions for partial summary judgment substantially overlap, and Cephalon likely will be filing combined responses to arguments made by both the FTC and Private Plaintiffs. Placing such motions, oppositions, replies, and arguments on separate schedules would unfairly and unnecessarily burden both the Defendants and the Court.

6. While there is of course no way to predict the duration of the government shut down, most reports suggest that it will not be lengthy. Accordingly, the Private Plaintiffs will not suffer any real prejudice in the likely minor delay incurred by allowing the FTC's motion.

Dated: October 1, 2013

Respectfully submitted,

*s/ Mark A. Ford*
James C. Burling
Peter A. Spaeth
Mark A. Ford
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
T: 617-526-6000
F: 617-526-5000

John A. Guernsey
Nancy J. Gellman
CONRAD O'BRIEN P.C.
1500 Market Street
Centre Square
West Tower, Suite 3900
Philadelphia, PA 19102-2100
T: 215-864-9600
F: 215-864-9620

*Attorneys for Defendant Cephalon, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, the foregoing Defendant Cephalon, Inc.'s Response to the Federal Trade Commission's Motion to Stay was electronically filed pursuant to the Court's CM/ECF system, and the document is available for downloading and viewing from the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the CM/ECF system.

                                                  */s Nancy J. Gellman*
                                                  Nancy J. Gellman

Dated: October 1, 2013