IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APOTEX, INC., <br><br>  *Plaintiff*, <br><br> v. <br><br> CEPHALON, INC., *et al.* <br><br>  *Defendants*. | Civil Action No. 2:06-cv-2768-MSG |

**PLAINTIFF APOTEX INC.'S OPPOSITION
TO DEFENDANT CEPHALON, INC.'S MOTION FOR LEAVE
TO FILE A CONSOLIDATED SUMMARY JUDGMENT OPPOSITION BRIEF
ON PATENT-RELATED ISSUES AND SEPARATE RESPONSES ON OTHER ISSUES**

On October 31, 2013, Defendant Cephalon, Inc. filed a motion (Dkt. 613, the "Cephalon Motion") for leave to file two different briefs in response to Plaintiff Apotex Inc.'s motion on law of the case and summary judgment (the "Apotex Motion").

The memorandum in support of Apotex's Motion was 25 pages long, in accordance with this Court's Policies and Procedures. Those Policies and Procedures provide that "[a]ny brief or memorandum filed in opposition or in response to a motion is subject to the same page limitation [of 25 pages]." Rule 8, Policies and Procedures (July 2013).

Cephalon now seeks leave to file *80 pages* of combined briefing in response to Apotex's 25-page memorandum: (1) a 65-page consolidated brief to address four issues related specifically to the Apotex patent case and/or raised in Apotex's Motion; and (2) an additional 15-page brief to respond specifically to the portion of Apotex's Motion "concerning the market definition and monopoly power elements of Apotex's Sherman Act claims." *See* Cephalon Motion ¶¶ 3-4.

1

With respect to Apotex's Motion, and any other motion directed at the Generic Defendants, the Generic Defendants would also have a right to respond to the motions for summary judgment.

Apotex believes that the expanded briefing proposed in the Cephalon Motion would be superfluous and prejudicial, and for that reason, it requests that the Court deny the Cephalon Motion. The Defendants should be permitted to oppose Apotex's 25-page Motion with the 25 pages ordinarily permitted by the Court, instead of burdening Apotex with replying to an additional 55 pages of briefing.[1]

In addition, the Cephalon Motion purports "to reduce the number of pages submitted and to streamline the presentation for the convenience of the parties and the Court," but it seems to do the opposite. Cephalon seeks leave to file four different briefs in response to four motions for summary judgment, with 120 pages in total. *See* Cephalon Motion at 3-4 (proposing a 65-page "consolidated" brief, plus three other briefs of 25, 15, and 15 pages each). Under the Court's standing Policies and Procedures, Cephalon would ordinarily have the right to file, at most, a total of 100 pages in response to the four motions for summary judgment. As it stands, the Court has already granted Cephalon the right to file an additional ten pages in response to one of the motions, which would result in 110 pages of total briefing.[2] An additional expansion of briefing is not warranted or efficient.

Finally, the Cephalon Motion will not streamline the presentation of these issues, but rather muddle them. The Cephalon Motion conflates "collateral estoppel and law of the case" with respect to the Court's finding's in Apotex's patent trial. *See* Cephalon Motion at ¶ 3(a).

---

[1] If Cephalon believes it needs a modest amount of additional pages to respond to the issues raised specifically in Apotex's motion, Apotex would not oppose a five-page extension of the existing 25-page limit on Cephalon's response.

[2] The Court granted Cephalon 35 pages to respond to the Direct Purchasers' motion for summary judgment. Cephalon's Motion at 3 n.2; *see also* Civil Action No. 06-1797, Dkt. No. 515.

Law of the case—the central issue in the Apotex Motion—is a distinct legal standard from the collateral estoppel principle invoked by the other Plaintiffs. Given Apotex's unique position as the successful litigant in the patent trial, consolidating briefing on these two points can only confuse the issues.

    For the reasons stated herein, Apotex respectfully requests that the Court deny the Cephalon Motion.

Dated: October 31, 2013

Respectfully submitted,

/s/ Thomas J. Maas

Robert B. Breisblatt
Alexander S. Vesselinovitch
Brian J. Sodikoff
Thomas J. Maas
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
Phone: (312) 902-5200

Howard Langer
LANGER GROGAN & DIVER, P.C.
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Phone: (215) 320-5661

*Attorneys for Apotex, Inc.*

100083677

## CERTIFICATE OF SERVICE

I certify that on the date set forth below, the foregoing PLAINTIFF APOTEX INC.'S OPPOSITION TO DEFENDANT CEPHALON, INC.'S MOTION FOR LEAVE TO FILE A CONSOLIDATED SUMMARY JUDGMENT OPPOSITION BRIEF ON PATENT-RELATED ISSUES AND SEPARATE RESPONSES ON OTHER ISSUES was electronically filed pursuant to the Court's CM/ECF system, and that the documents are available for downloading and viewing from the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the CM/ECF system.

*/s/* Thomas J. Maas

Thomas J. Maas
Date: October 31, 2013