IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| APOTEX, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 2:06-cv-2768 |
| | : | |
| CEPHALON, INC., et al. | : | |

## MEMORANDUM OPINION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                    October  1, 2014

      Presently before the Court is "Defendant's Joint Motion to Strike Apotex, Inc.'s Untimely Expert Report and Interrogatory Responses, and to Preclude Apotex's Reliance on Untimely Produced Documents" ("Motion") (Doc. 677), "Defendant's Joint Memorandum in Support of Their Motion to Strike Apotex, Inc.'s Untimely Expert Report and Interrogatory Responses, and to Preclude Apotex's Reliance on Untimely Produced Documents" ("Memo in Support") (Doc. 679), "Apotex's Response to the Defendants' Joint Motion to Strike" ("Response") (Doc. 717), and "Defendant's Joint Reply Memorandum in Support of Their Motion to Strike Apotex, Inc.'s Untimely Expert Report and Interrogatory Responses, and to Preclude Apotex's Reliance on Untimely Produced Documents" ("Reply") (Doc. 727).  We have examined the papers, entertained oral arguments, and considered further written submissions following oral argument.  The motion is now ripe for resolution.

**The "Untimely Expert Report"**

      We initially consider the Apotex Inc. ("Apotex") supplemental report of its expert, Dr. Hal Singer, which was served via email shortly before midnight on March 18, 2014.  As the defendants point out, this was well after the deadline for the submission of expert reports, but

within the deadline for the parties to complete expert discovery.  Defendants have passionately advanced arguments pointing to the specific timing of the submission and accusing Apotex of "obvious gamesmanship" (see Ford letter to Court of August 18, 2014, p. 6) and "bad faith or willfulness" (see Doc. 679, pp. 7-9).  Apotex responds by stating that the Singer supplemental report is nothing more than a reply to the responsive report of defendants' expert, Dr. Stangle, which was filed in response to damage models of certain Apotex experts, including Dr. Singer (*See* Doc. 717, pp. 10-11).  Apotex also argues that this further supplemental report was timely as it was served before the March 18, 2014 date for the close of "expert discovery."  (*Id*.)  We are unwilling to accept this position.

It is the fact that this submission did not come until after the 11th hour and followed upon several extensions to the previous scheduling orders which, as of the March 4, 2014 amendment, set out the deadline for "all expert discovery, including depositions, to March 18, 2014."  (Doc 668).  We observe that this order also provided that all *Daubert* motions were to be filed on or before April 4, 2014.  (*Id*.)  It is clear to us that the court structured its scheduling orders to give the parties assurance that the contemplated *Daubert* motions could and would be predicated upon the completion of all fact discovery by the November 25, 2013 completion date and that this completion would permit the orderly submission of affirmative expert reports, and responsive reports to be followed by the taking of discovery including "expert depositions."  (*Id*.)  By all appearances, the parties complied with the scheduling order and completed fact discovery, served expert reports and served responsive expert reports in accordance with the schedule.  They then proceeded to expert discovery and took expert depositions in a timely manner.  Despite this, and without seeking leave of court, Apotex submitted its supplemental expert report shortly before midnight on March 18, 2014.

This litigation has required extensive case management. The court has sought and obtained input from the parties throughout the process in the setting of scheduling orders and has, on numerous occasions, made adjustments to the scheduling when the parties agreed or where good cause was shown. The submission of a further supplemental report, however, was not contemplated by Judge Goldberg's scheduling order and Apotex did not even seek leave to serve it. The Apotex argument that the report is timely as "expert discovery" which "including depositions" was to be "completed by March 18, 2014" ignores the clear deadlines for the completion of "all supplemental fact discovery" and submission of expert reports specifically set out in the scheduling orders. (Doc. 637 and Doc. 668). This we will not do. We grant the defendants' motion and order that this supplemental expert report be stricken.[1]

**Additional Document Production and Revised Interrogatory Responses**

Cephalon also urges us to strike Apotex's four additional documents, served March 18, 2014 at 11:51 p.m. via email. Three of the documents pertain to a supply side agreement between Apotex and McKesson from 2008 and one document pertains to a set of talking points regarding a possible launch of Apotex's generic modafinil product from July 2012. (Doc. No. 679, p. 3). The deadline for "[a]ll supplemental fact discovery" was November 25, 2013. (Doc. No. 637).

---

[1] Apotex also claims that its actions were timely pursuant to Fed. R. Civ. P. 26(e)(2) and 26(e)(1)(A). We recognize that parties have an obligation to supplement expert reports pursuant to Fed. R. Civ. P. 26(e) and must do so "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). But "Rule 26(e) is not an avenue to correct 'failures of omission because the expert did an inadequate or incomplete preparation' (*Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C.2002)), add new opinions (*Beller ex rel. Beller v. U.S.*, 221 F.R.D. 689, 691 (D.N.M.2003); *Keener v. U.S.*, 181 F.R.D. 639, 640 (D.Mont.1998)), or 'deepen' or 'strengthen' existing opinions. *Leviton Mfg. Co., Inc. v. Nicor, Inc.*, 245 F.R.D. 524, 528 (D.N.M.2007)." *In re Asbestos Products Liab. Litig. (No. VI)*, 289 F.R.D. 424, 425. "Further, a supplemental report may be rejected where it is offered to rebut an argument raised in a summary judgment motion, or was served merely because a party simply wished to *426 supplement. *Gallagher v. S. Source Packaging, LLC*, 568 F.Supp.2d 624, 630–31 (E.D.N.C.2008) (citing *Beller*, 221 F.R.D. at 701 & *Coles v. Perry*, 217 F.R.D. 1, 3 (D.D.C.2003)): *Akeva L.L.C.*, 212 F.R.D. at 310." *In re Asbestos Products Liab. Litig. (No. VI)*, 289 F.R.D. at 425.

3

Cephalon argues that Apotex has not provided an adequate justification for the late production of these documents and that they could and should have been produced months, or even years, earlier. (Doc. No. 679, p. 1).  Cephalon also points out that Apotex has provided no justification for why these documents were not timely served.  (*Id*., p. 4).  In its response to the Motion, Apotex claims only that it began "a rolling production of the documents located in these additional searches "in response to a deficiency letter received from Cephalon relating to the 2011 modafinil re-launch plans, which led to the production of the documents in question" (Doc. 717, p. 15).

Cephalon also urges us to strike Apotex's revised responses to Interrogatories Nos. 1, 6-8, served March 19, 2014 at 12:11 a.m. via email, well after the November 25, 2013 date for the completion of fact discovery (Doc. No. 679, Ford Declaration ¶8).  Apotex claims that the revised responses which pertain to Apotex's damage contentions in the but-for world of the fraudulently obtained '516 patent were served as a "timely supplement."  (Doc. No. 717, p. 10) as they were responses to "so-called 'contention' interrogatories" that "can only be fully developed at the end of discovery."  (*Id*., p. 5).

As it did with respect to the delayed document production, Apotex argues that the documents and the revised interrogatory answers provided shortly before and after midnight on March 18, 2014 were permissible "expert discovery including depositions" served before the expiration of the March 18 expert discovery deadline.  Putting aside the fact that service at 12:11 a.m. on March 19 does not meet the March 18 deadline, we are unwilling to accept the Apotex construction.  To do so would, in our view, render meaningless the supplemental fact discovery deadline.  We cannot ignore the clear language of the then operative December 3, 2013 scheduling order which obligated that "[a]ll supplemental fact discovery must be completed by

4

November 25, 2013." (Doc. 637).  Between November 25, 2013 to March 18, 2014 with the benefit of "all supplemental fact discovery" (Doc. 637, p. 2, ¶2), the parties were to be, and were in fact, dedicated to the preparation of their expert reports based upon the discovery provided as of the November 25 date.

Scheduling orders are predicated upon the fact that there will be a point where the information gathering must end and the finalization of expert reports and consideration of *Daubert* issues be undertaken.  This point had been reached with respect to fact discovery as of November 25, 2013 with respect to expert report submissions as of January 24, 2014 and with respect to discovery concerning expert reports, including depositions, as of March 18.  If Apotex wanted to provide additional documents or interrogatory responses, it could have gone to Judge Goldberg and made the request in an orderly fashion such that the Court could have considered it with input from all parties.  This it did not do.[2]   We will grant the Cephalon motion.

An appropriate order follows.

---

[2] We understand that there may have been agreements between some parties that some further supplementation or production of discovery material could be provided.  We do not by this Memorandum Opinion seek to undo any such agreement.  As this is a contested matter however, our position is set out.