# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APOTEX, INC., <br>        Plaintiff, <br><br> v. <br><br> CEPHALON, INC., et al., <br>        Defendants. | CIVIL ACTION <br><br> No. 2:06-cv-2768 |
| GIANT EAGLE, INC., <br>        Plaintiff, <br><br> v. <br><br> CEPHALON, INC., et al., <br>        Defendants. | CIVIL ACTION <br><br> No. 2:10-cv-5164 |
| WALGREEN CO., et al., <br>        Plaintiffs, <br><br> v. <br><br> CEPHALON, INC., et al., <br>        Defendants. | CIVIL ACTION <br><br> No. 2:09-cv-3956 |
| RITE AID CORPORATION, et al., <br>        Plaintiffs, <br><br> v. <br><br> CEPHALON, INC., et al., <br>        Defendants. | CIVIL ACTION <br><br> No. 2:09-cv-3820 |

**ORDER**

**AND NOW**, this 8th day of June, 2017, in accordance with the accompanying Memorandum Opinion, it is hereby **ORDERED** that the liability portion of the upcoming trial will be divided into two phases. The first phase will involve only proofs regarding the alleged antitrust violations under the rule of reason. If the jury answers the violation questions in Plaintiffs' favor, a second phase involving causation and injury will commence.

It is further **ORDERED** that only during the second causation/injury phase will the jury be informed that the relevant patent was invalidated in a proceeding which occurred after the challenged settlement agreements were executed. If the second phase occurs, the Court will accept the parties' input on how to instruct the jury regarding the prior patent ruling.

**BY THE COURT:**

**/s/ Mitchell S. Goldberg**

--------

**Mitchell S. Goldberg, J.**